# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MATHEW REED** ) | |
| ) | |
| **Plaintiff,** ) | **CIVIL ACTION** |
| v. ) | |
| ) | |
| **BEKO TECHNOLOGIES CORP** ) | |
| **Defendant.** ) | |

## COMPLAINT ABOUT DAMAGES

Plaintiff Matthew Reed ("Mr. Reed") respectfully submits this Complaint for Damages:

### JURISDICTION AND VENUE

1.

Mr. Reed brings this action under 42 U.S.C. § 1981. Jurisdiction is invoked according to 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights).

2.

The unlawful violations of Mr. Reed's civil rights were committed within the Northern District of Georgia. The venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

3.

Mr. Reed, an African-American man, is now and was at all times relevant to this action, a citizen of the United States entitled to bring an action of this type and nature.  Mr. Reed is now and was at all times relevant to this action a resident of the State of Georgia.

4.

Beko Technologies, Corp. (Beko) is a foreign profit corporation formed in Delaware. Beko's principal place of business is located at 900 Great Southwest Pkwy SW, Atlanta, GA 30336.

5.

Mr. Tilo Fruth is a white man. Mr. Fruth is the CEO of Beko.

6.

Mr. Fruth is also the registered agent for Beko.

## **FACTS**

7.

On or about August 31, 2016, Mr. Reed and Beko entered into an employment agreement.

8.

Beko wrote the employment agreement.

9.

The employment agreement outlines Mr. Reed's duties as an employee.

10.

The employment agreement detailed the location of Mr. Reed's employment.

11.

The employment agreement explains Mr. Reed's work hours for Beko.

12.

The employment agreement details Mr. Reed's compensation and benefits as an employee.

13.

The employment agreement explains the bonuses Mr. Reed can receive as an employee.

14.

The employment agreement states Mr. Reed will receive an annual review to determine if adjustments are appropriate.

15.

The employment agreement outlines the grievance procedure Mr. Reed should use to report any grievances.

16.

The employment agreement outlines the disciplinary procedure Beko will use during Mr. Reed's employment.

17.

The employment agreement has a section entitled "termination of employment."

18.

The termination of employment section states, "Should [Beko] decide to terminate your employment; it will provide you with four (4) weeks advance notice."

19.

The termination of employment section states, "The Termination of the employment agreement can only be announced in writing."

20.

On or about August 31, 2016, Beko and Mr. Reed entered an additional employment agreement.

21.

The employment agreement states Mr. Reed would receive three or six months' salary if Beko gives him a four-week termination notice.

22.

While working for Beko, Mr. Reed had never received any writeups.

23.

Mr. Reed hadn't received a raise for the past two years, although he had great work performance.

24.

Mr. Reed's supervisor told him he would never receive another raise, although he had excellent work performance.

25.

Mr. Reed's supervisor made those statements, although non-black employees continued to receive raises.

26.

On or about July 31, 2021, Mr. Reed complained to Mr. Fruth concerning racial discrimination he was receiving from his direct supervisor.

Mr. Fruth asked Mr. Reed to drop his racial complaint because his complaint would cost the company too much money in attorney fees.

27.

In 2019, Beko settled a lawsuit filed by Linda Okoli in the Northern District of Georgia. The case concerned gender discrimination.

28.

In 2013, Beko settled a lawsuit filed by James Hughes in the Northern District of Georgia. The case concerned age discrimination.

29.

Mr. Reed told Mr. Fruth that he would not drop his racial complaint against Beko.

30.

On or about July 31, 2021, Mr. Fruth terminated Mr. Reed from Beko.

31.

Beko terminated Mr. Reed's employment without giving him a written four (4) weeks' notice as required by his employment agreement.

32.

Beko terminated Mr. Reed without giving him four (4) weeks' written notice as stated in the employment agreement.

33.

Beko terminated Mr. Reed without giving him three or six weeks of pay as stated in the second employment agreement.

34.

Mr. Andrew LeCroy worked for Beko as an engineer. Mr. LeCroy is a white man.

35.

Mr. LeCroy was terminated from Beko in 2017. Beko gave Mr. LeCroy a written notice before terminating him. Beko gave Mr. LeCroy three- or six-months salary per the contract after terminating him.

36.

Mr. Michael Snodgrass worked for Beko as a Warehouse Manager. Mr. Snodgrass is a white man.

37.

Mr. Snodgrass was terminated from Beko in 2017. Beko gave Mr. Snodgrass a written notice before terminating him. Beko gave Mr. Snodgrass three-or-six months' salary per the contract after terminating him.

38.

Mr. Andrian Dodd worked for Beko as a Quality Technician. Mr. Andrian is a white man.

39.

Mr. Andrian was terminated in 2017. Beko gave Mr. Andrian a written notice before terminating him. Beko gave Mr. Andrian three-or-six months' salary per the contract after terminating him.

40.

Between September 2016 through June 2021, 12 additional white people worked for Beko. The 12 white people were Pam Tetteition, Todd Meades, Phillip Carroll, Eric Jonson, Thomas Esch, Brad Penrose, John Sanders, Cullen Chrivia, Connie Rimes, Brian Speed, Micah Berger, and Emily Bahme.

41.

All 12 of the employees just identified were terminated from Beko. Beko gave all 12 of the white employees a written notice they would be fired. Beko gave all 12 of the white employees three-or-six months' salary per the contract after terminating them.

42.

## COUNT I
## VIOLATION OF 42 U.S.C. 1981

Mr. Reed incorporates paragraphs 1 through 41 as if stated fully herein.

43.

Beko has discriminated against Mr. Reed in the terms and conditions of his employment contract with Beko.

44.

Beko discriminated against Mr. Reed by not giving him raises for his work performance while providing non-black employees raises for their work performance.

45.

Beko discriminated against Mr. Reed by not giving him a written notice before terminating him. Beko has given non-black employees a written notice before terminating them.

46.

Beko discriminated against Mr. Reed by not giving him three-or-six months' salary after terminating him. Beko has given non-black employees three-or-six months' pay after terminating them.

47.

But for Beko's discrimination, Beko would have received the same treatment as the other non-black employees.

48.

Beko is liable to Mr. Reed for violation of 42 U.S.C. 1981.

49.

## COUNT II
## RETALIATION (42 U.S.C. 1981)

Mr. Reed incorporates paragraphs 1 through 41 as if stated fully herein.

50.

Beko fired Mr. Reed because he complained about his supervisor discriminating against him.

51.

Beko fired Mr. Reed because he would not drop his complaint of discrimination.

52.

Mr. Reed's complaint about discrimination is the direct and proximate cause why he was fired.

53.

Beko is liable to Mr. Reed for retaliation.

54.

## COUNT III
## PUNITIVE DAMAGES

Mr. Reed incorporates paragraphs 1 through 53 as if stated herein fully.

Beko has intentionally discriminated against Mr. Reed. Beko has a pattern of discrimination. Beko is liable to Mr. Reed for punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Reed demands a trial by jury and respectfully request that the Court:

A. adjudicate and declare that Beko has violated Mr. Reed's federally protected rights as pled above;

B. permanently enjoin Beko from committing similar violations in the future;

C. award Mr. Reed back pay, including all lost wages and benefits, pay increases she would have received absent discrimination, and all other benefits of employment reducible to a dollar value;

D. award Mr. Reed pre-judgment and post-judgment interest as required by law;

E. award Mr. Reed compensatory damages for emotional pain and suffering as determined by the enlightened conscience of a jury;

F. award Mr. Reed punitive damages against Beko;

G. award reasonable attorney fees and expenses; and

I. grant such additional relief as may be proper and just.

Submitted this August 27, 2021.

                                                    s/ Michael O. Mondy
                                                    Michael O. Mondy, Esq.
                                                    Georgia Bar No. 897950
                                                    Attorney for Plaintiff

**MICHAEL O. MONDY, P.C.**
235 Peachtree Street NE Suite 400
Atlanta, Georgia 30303
Office: 404.492.9568
Facsimile: 404.737.8326
mondy@mondypc.com