IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW REED,<br><br>    Plaintiff,<br><br>v.<br><br><br>BEKO TECHNOLOGIES CORP.,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:21-cv-03563-WMR |

## ORDER

This matter is before the Court on Defendant Beko Technologies Corporation's ("BEKO") Motion in Limine [Doc. 70] which seeks to exclude the "me too" evidence of other employees' discrimination/retaliation claims. Upon consideration of the parties' respective arguments at the hearing on April 19, 2024, the Court GRANTS Defendant's motion for the reasons set forth below.

I.    DISCUSSION

In this case, Plaintiff claims that Beko retaliated against him in violation of 42 U.S.C. § 1981 because he complained to Beko's president, Tilo Fruth, about not receiving a raise in 2021 and brought up the issue of racial discrimination as being the reason he did not get that raise. Based on this allegation, Plaintiff also asserts a claim against Beko for punitive damages.

1

According to the parties, Plaintiff intends to introduce "me too" evidence of other employees' discrimination/retaliation claims against Beko during the trial of this case. Specifically, Plaintiff intends to call Phillip Carroll as a witness to testify as to how Mr. Fruth violated his and other employees protected rights for the purpose of showing Mr. Fruth's motive or intent to retaliate in response to complaints of discrimination. Plaintiff also intends to introduce evidence of a 2019 lawsuit filed by Linda Okoli involving allegations of gender discrimination and a 2013 lawsuit filed by James Hughes involving allegations of age discrimination.[1]

Federal Rule of Evidence 406 provides, in pertinent part, that "[e]vidence of the ... routine practice of an organization ... is relevant to prove that the conduct of the ... organization on a particular occasion was in conformity with the ... routine practice." Fed. R. Evid. 406.  To be admissible, however, the proposed evidence offered to establish such a pattern of conduct or habit must consist of examples which are "numerous enough to base an inference of systematic conduct" and establish "one's regular response to a repeated specific situation." *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F. 3d 1261, 1285 (11th Cir. 2008). Here, the Court finds that neither Mr. Carroll's proposed testimony concerning Mr. Fruth's alleged

---

[1] In both of these cases, the respective parties entered into settlement agreements without reaching a trial on the merits of the alleged claims.

2

discriminatory conduct nor Okoli's and Hughes' prior lawsuits (which were filed approximately nine years apart and settled prior to trial) are sufficient to support an inference of systematic retaliatory conduct on the part of Beko.  Therefore, the Court finds that the proposed evidence is not admissible under Rule 406.

The Court also finds that the proposed evidence is not admissible under Federal Rule of Evidence 404.  Under Rule 404, evidence of a prior wrong or bad act is not admissible to prove a defendant's character in order to show that on a particular occasion the defendant acted in accordance with that character. *See* Fed. R. Evid. 404(b)(1).  However, such evidence may be admissible to show the defendant's motive, opportunity, or intent. *See* Fed. R. Evid. 404(b)(2).

In the employment discrimination/retaliation context, courts are reluctant to consider prior wrongs or bad acts that do not "directly relate" to the plaintiff. *See Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001). The relevance of other acts of discrimination "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).  In regard to the proposed testimony of Phillip Caroll, the Court finds that Plaintiff has failed to show how his testimony concerning Mr. Fruth's conduct toward other employees relates to the specific circumstances of Plaintiff's retaliation claim.  And in regard to the evidence

of Okoli's and Hughes' prior lawsuits against Beko, the Court notes that those lawsuits involved allegations of gender and age discrimination, respectively, not race discrimination. Thus, such evidence would have little probative value in determining whether Beko (Mr. Fruth) intended to retaliate against Plaintiff because of allegations of racial discrimination. As there is no clear nexus between Okoli's and Hughes' allegations involving age and gender discrimination and the Plaintiff's claim for retaliation on the basis of race, the potential for unfair prejudice substantially outweighs the probative value of the "me too" evidence. *See McLeod v. Parsons Corp.*, 73 Fed. Appx. 846, 854 (6th Cir. 2003) 2003) (excluding "me too" evidence because there was no clear nexus between the former employees' lawsuits and the plaintiff's case and the potential for prejudice substantially outweighed its probative value).

Furthermore, a district court has the authority to exclude relevant evidence if its probative value is substantially outweighed by the danger of confusing the issues or misleading the jury. *See* Fed. R. Evid. 403. Here, the Court notes that the prior claims asserted by Okoli and Hughes were never adjudicated and, instead, were resolved by out-of-court settlements between the parties. Thus, the veracity of their respective allegations was never determined. The introduction of their "me too" evidence would compel Beko to introduce rebuttal evidence to explain its actions

4

with regard to these former employees, essentially resulting in "mini-trials" concerning their respective, unrelated allegations. Having the jury hear testimony concerning these unrelated allegations would inevitably cause unfair prejudice to Beko. Moreover, the introduction of the proposed "me too" evidence would create a danger of confusing the issues at trial and misleading the jury as to the specific facts of this case.

In sum, the Court finds that the Plaintiff's proposed "me too" evidence should not be admitted at the trial of this case. In so ruling, however, the Court shall not prohibit Plaintiff from eliciting any testimony from Phillip Carroll regarding his personal knowledge of any conduct on the part of Beko (or Mr. Fruth) which relates to the specific retaliation claim asserted by Plaintiff.

## II. CONCLUSION

For the above reasons, it is hereby **ORDERED** that Defendant's Motion in Limine [Doc. 70] is **GRANTED**.

IT IS SO ORDERED, this 3rd day of June, 2024.

_____
WILLIAM M. RAY, II
United States District Court Judge
Northern District of Georgia