# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 1:21-cv-3563 |
| ) | |
| BEKO TECHNOLOGIES CORP, ) | The Honorable |
| ) | William M. Ray, II |
| Defendant. ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT NOTWITHSTANING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL OR REMITTITUR

Defendant, BEKO Technologies, Corp., ("Defendant" or "BEKO") by and through its undersigned counsel hereby submit the following Reply Brief in Support of its Motion for Judgment Notwithstanding the Verdict or in the Alternative, Motion for a New Trial or Remittitur, and so states as follows:

Plaintiff, Matthew Reed's ("Plaintiff") Opposition fails to refute BEKO's arguments entitling it to entry of Judgment in its favor, as a matter of law, or in the alternative, a new trial or remittitur. For the reasons set forth below and in BEKO's Brief in Support of its Motion, BEKO's Motion should be granted.

### I. Plaintiff's Punitive Damages Claim Fails As A Matter Of Law Because Plaintiff Failed To Present Sufficient Evidence That BEKO Engaged In Malicious Or Recklessly Indifferent Conduct.

Plaintiff's Opposition offers no evidence to show that BEKO engaged in malicious or reckless indifferent conduct to support Plaintiff's claim for punitive damages. Plaintiff's Opposition claims that punitive damages are warranted because BEKO had an anti-discrimination policy and allegedly violated it. (Pl. Opp. 5-6). However, this is not enough to establish a claim for punitive damages. Punitive damages require "something more than the mere commission of a tort […]. There must be circumstances of aggravation or outrage." *Tharpe v. Ga. CVS Pharm., LLC*, 2023 U.S. Dist. LEXIS 236520 at *20 (N.D. Ga. Feb 22, 2023); *Brown v. Advanced Concept Innovations, LLC,* 2022 U.S. App. LEXIS 29956 (11th Cir. 2022) ("mere negligence as to the civil rights of employees is not enough to justify punitive damages"). In order for Plaintiff to receive punitive damages, Plaintiff had to establish that BEKO acted with malice or reckless indifference. *Miller v. Kenworth of Dothan, Inc*., 277 F.3d 1269, 1280 (11th Cir. 2002). Such conduct does not exist in this case.

In a desperate attempt to save Plaintiff's punitive damages claim, Plaintiff's Opposition refers to irrelevant allegations that are not the subject matter of this litigation. First, Plaintiff claims that BEKO acted with malice because it "violated"

Plaintiff's Employment Agreement. (Pl. Opp. 6). However, this is not a breach of contract case. The jury was not to determine whether BEKO violated Plaintiff's Employment Agreement. Instead, the jury was to determine whether BEKO retaliated against Plaintiff by terminating his employment and if it did so with malice. Nevertheless, there was no evidence that BEKO acted with malice or reckless indifference to Plaintiff as it regards to his Employment Agreement. In fact, there is no evidence that BEKO even violated the Employment Agreement at all. The Employment Agreement states that "[t]he termination of the employment agreement can only be announced in writing." (Day 1 Trans. Pp. 169:19-20). It does not state who must announce the termination or require Plaintiff to do so. This requirement was therefore satisfied by BEKO when Ms. Jauch emailed Plaintiff to confirm receipt of his oral resignation, which Plaintiff did not contest. Since the terms of the contract were not the subject of this matter and there was no evidence that BEKO acted with malice or reckless indifference, this allegation is not sufficient to support Plaintiff's punitive damages claim.

Additionally, Plaintiff argues that BEKO acted with malice by not having Kedrick Werts investigate his complaint against Andrew Davis. (Pl. Opp. 7). Again, BEKO's investigation of Plaintiff's complaint is not the subject matter of this case and therefore cannot be used to support his claim for punitive damages. Even if

BEKO's investigation of Plaintiff's complaint was relevant to this case, Plaintiff cannot establish that BEKO acted with malice or reckless indifference during this investigation. It is true that Mr. Werts did not investigate Plaintiff's complaint as Mr. Werts was not a member of BEKO's Human Resources department. (Day 2 Trans. 336:24-337-13). In accordance with BEKO's policies and procedures, BEKO escalated Plaintiff's claims to Human Resources to investigate Plaintiff's complaint. (Day 2 Trans. 336:24-337-13). The evidence shows that BEKO seriously considered Plaintiff's claims and thoroughly investigated his allegations. As such, Plaintiff cannot establish that BEKO acted with malice during the investigation.

In sum, Plaintiff cannot grasp at irrelevant allegations to support his punitive damages claim. Plaintiff simply failed to show that BEKO acted with malice or that it knew it was allegedly violating Plaintiff's rights when it accepted Plaintiff's resignation. As such, the jury's award is against the weight of evidence and BEKO is entitled to judgment as a matter of law on Plaintiff's claim for punitive damages and the jury's award for $450,000 must be overturned.

**II. Plaintiff's Section 1981 Retaliation Claim Fails As A Matter Of Law Because BEKO Did Not Subject Plaintiff To An Adverse Employment Action By Sending The August 9, 2021 Email.**

Plaintiff's Opposition argues that Plaintiff suffered an adverse employment action because BEKO allegedly terminated Plaintiff's employment when it sent the

August 9, 2021 email which relieved Plaintiff of his duties until his departure date. Plaintiff's Opposition completely ignores the fact that Plaintiff voluntarily resigned from his employment before BEKO sent this email. At trial, Plaintiff unequivocally testified that he resigned from his role during his call with Mr. Fruth:

> A […] But Tilo said, look. He asked me this maybe seven or eight times or -- well, more. Go ahead on, e-mail Melanie, copy me on it. **And, you know, I got tired. I said okay, like that**. (Day 2 Trans. 246: 23-25).

Plaintiff's Opposition has not and cannot credibly dispute this testimony. It is clear that Plaintiff resigned from his employment before BEKO sent the August 9, 2021 email. The August 9, 2021 email also did not terminate Plaintiff's employment, but only relieved him of his duties until the last day of his employment pursuant to his resignation. Accordingly, BEKO's email could not have been an adverse employment action because Plaintiff had already voluntarily resigned, and as further explained in BEKO's Motion, a voluntary resignation is not an adverse employment action. *See Santandreu v. Miami Dade Cty.*, 513 F. App'x 902, 906 (11th Cir. 2013). Accordingly, BEKO is entitled to judgment as a matter of law.

Plaintiff's Opposition does not even attempt to address BEKO's arguments that Mr. Fruth's statements were not materially adverse because it did not deter Plaintiff from making an alleged complaint of discrimination. When a party fails to respond to an argument or otherwise address a claim before the district court, the

district court may properly deem the argument concede. *Jones v. Bank of Am., N.A.*, 564 Fed. Appx. 432, 434 (11th Cir. Apr. 25, 2014); *see also Clark v. City of Atlanta*, 544 Fed. Appx. 848, 854-55 (11th Cir. Nov. 15, 2013) (agreeing with the district court's determination that plaintiffs' failure to respond to defendants' summary judgment arguments with respect to excessive force and state law claims meant that the plaintiffs abandoned their claims); *Brooks v. Branch Banking and Trust Co.*, No. 1:15-CV-00186-SCJ, 2015 WL 3478169, at *4 (N.D. Ga. May 28, 2015) (explaining that plaintiff abandoned her claim when she failed to address defendant's argument for its dismissal). Since Plaintiff failed to address BEKO's arguments, this Court should consider them conceded.

### III. Plaintiff's Section 1981 Retaliation Claim Fails As A Matter Of Law Because Plaintiff Cannot Establish A "But For" Causal Link Since The Alleged Adverse Action Occurred Before Plaintiff Allegedly Engaged In Protected Activity.

Plaintiff's Opposition further confirms that Plaintiff failed to establish a "but for" causal link. Plaintiff's Opposition does not refute Plaintiff's testimony that Mr. Fruth allegedly demanded his resignation in 2020. Plaintiff's Opposition also concedes the fact that Plaintiff did not resign after Mr. Fruth's alleged demands in 2020. (Pl. Opp. 9). It was not until August 3, 2021, approximately one year after Mr. Fruth had allegedly made those demands, that Plaintiff allegedly complained of race-based treatment. Because Plaintiff allegedly engaged in protected activity after Mr.

Fruth allegedly demanded his resignation, his alleged complaint of discrimination could not have been the "but for" cause of Mr. Fruth's demands. *Cox v. Fulton Cnty. Sch. Dist.*, No. 1:19-cv-04520-JPB-RGV, 2020 U.S. Dist. LEXIS 100680 at **29-30 (N.D. Ga. May 22, 2020); *Jurriaans v. Ala. Coop. Extension Sys.,* 806 Fed. Appx. 753, 757 (11th Cir. March 23, 2020). BEKO is therefore entitled to judgment as a matter of law on Plaintiff's Section 1981 retaliation claim for this additional reason.

## IV. In The Alternative, BEKO Is Entitled To A New Trial.

If this Court denies BEKO's Motion for Judgment Notwithstanding the Verdict, BEKO is entitled to a new trial because, as explained in BEKO's Motion, the jury's verdict was against the weight of evidence.

Additionally, BEKO is entitled to a new trial because the Court improperly admitted the testimony of Phillip Carroll. The Court should have excluded Mr. Carroll's testimony because he was not qualified to form an opinion on Mr. Fruth's character of truthfulness since he lacked the requisite personal knowledge. Plaintiff's Opposition does not dispute the fact that Mr. Carroll lacked personal knowledge. Instead, Plaintiff's Opposition argues that he was not required to have such knowledge to testify. (Pl. Opp. 10). Plaintiff's Opposition is mistaken. Plaintiff's Opposition does not seem to grasp the essence of Federal Rule of Evidence 602. Rule 602 provides that "[a] witness may not testify to a matter unless evidence is

introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Accordingly, every fact witness, character or not, must have personal knowledge to support their testimony. During the Court's voir dire of Mr. Carroll, it was evident that he did not possess this knowledge. Mr. Carroll could not point to one instance where he knew that Mr. Fruth was untruthful. Because Mr. Carroll had no personal knowledge of Mr. Fruth's alleged untruthfulness, he was unqualified to testify, and this Court should have excluded his testimony. BEKO is therefore entitled to a new trial for this reason.

**V. In The Event That This Court Denies BEKO's Motion For Judgment Notwithstanding The Verdict And BEKO's Motion For A New Trial, The Court Must Remit The Jury's Damages Award Because It Is Against The Weight Of Evidence.**

Plaintiff's Opposition advances no credible argument against remittitur in this case. As it pertains to the jury's compensatory damages award, Plaintiff's Opposition does not dispute the fact that Plaintiff suffers from emotional distress unrelated to his employment with BEKO. (Pl. Opp. 11). During trial, Plaintiff testified that he experienced anxiety and depression prior to his employment with BEKO and was prescribed medication as a result. (Day 2 Trans. 276:9-14). However, Plaintiff did not testify, and the Opposition does not point to any evidence that his anxiety and depression worsened due to BEKO's conduct. Because Plaintiff

failed to offer this evidence, the jury's reward should be remitted to a nominal emotional distress reward.

This Court should also remit the jury's punitive damages award. As explained in BEKO's Motion, in reviewing a punitive damages award, this Court must consider the guideposts identified in *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 at *1599, 134 L. Ed. 2d 809 (1996): (1) the degree of reprehensibility of the defendant's misconduct; (2) the ratio between the actual or potential harm suffered by the plaintiff (compensatory damages) and the punitive damage award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

As it pertains to reprehensibility, Plaintiff's Opposition argues that BEKO's conduct was reprehensible because 1) Plaintiff allegedly suffered emotional harm; 2) BEKO allegedly jeopardized his safety; and 3) Plaintiff was allegedly financially vulnerable. Each of these arguments are meritless. (Pl. Opp. 12-14).

First, as explained above, there is no evidence that Plaintiff's emotional harm was directly related to BEKO's conduct.

Second, there is no evidence that BEKO's alleged conduct impeded on Plaintiff's health and safety. Again, Plaintiff's Opposition points to allegations completely unrelated to this matter to support Plaintiff's claims. The incident

between Plaintiff and Andrew Davis is not the subject of this lawsuit and has nothing to do with Plaintiff's claim that BEKO terminated his employment as an act of retaliation. Plaintiff cannot refer to irrelevant instances that occurred during his employment to support this factor. Plaintiff must prove that BEKO's alleged conduct – terminating his employment as an act of retaliation showed an indifference to or reckless disregard to the health and safety of others, which Plaintiff has not and cannot do.

Third, Plaintiff's argument regarding his financial vulnerability is unsound. In the Eleventh Circuit, a plaintiff is financially vulnerable if they have "little income" or "struggles to make ends meet," *Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 752 (11th Cir. 2020). There is simply no evidence that Plaintiff had "little income" or "struggl[ed] to make ends meet". Additionally, the fact that Plaintiff did not receive a raise and that Mr. Fruth had the power to terminate his employment does not make Plaintiff financially vulnerable as defined by the Eleventh Circuit.

As it pertains to the ratio between the compensatory damages award and the punitive damages award, Plaintiff's Opposition argues that the ratio does not favor remittitur because the compensatory award was multiplied by a single-digit. (Pl. Opp. 14-15). Though, generally, single-digit multipliers usually do not favor

remittitur, the Supreme Court has found in certain cases, a single-digit multiplier was too excessive given the facts of the case. *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991). In evaluating the facts here, an award of six times the compensatory damages is excessive and unwarranted because there is no evidence that BEKO engaged in malicious or recklessly indifferent conduct.

Lastly, this Court should look to the damages caps under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*., for guidance because the punitive damages award violates due process. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1284 (11th Cir. 2008). Under Title VII, the jury's award for punitive damages would have been capped at $50,000. 42 U.S.C. § 1981a(b)(3)(a). Here, the jury's award is nine times this amount. Courts have found that similar awards were excessive. *Haslip*, 499 U.S. 1 (1991). Plaintiff's Opposition cites to *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) to support his claim that the difference is not excessive. (Pl. Opp. 16-17). Plaintiff's Opposition's reliance on this case is nonsensical because in *Campbell*, the Supreme Court also found that the punitive damages award was excessive.

For these reasons, and pursuant to the *Gore* guideposts, the jury's punitive damages award violates due process. Accordingly, this Court should be remit both Plaintiff's compensatory and punitive damages awards.

## CONCLUSION

For the reasons set forth above, as well as in BEKO's Brief in Support of its Motion, this Court should grant BEKO judgment as a matter of law on Plaintiff's claim for punitive damages and his Section 1981 retaliation claim. In the alternative, this Court should grant BEKO a new trial or remit Plaintiff's damages award.

Respectfully submitted this 31st day of July, 2024.

**JACKSON LEWIS P.C.**

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465
Jake.Schwartz@jacksonlewis.com
Keely Jac Collins
Georgia Bar No. 252645
171 17th St. NW
Suite 1200
Atlanta, Georgia 30363
Telephone: (404) 525-8200
Fax: (404) 525-1173

**ATTORNEYS FOR DEFENDANT**

-13-

## CERTIFICATION OF COMPLIANCE

In accordance with Civil Local Rules 5.1C and 7.1D, I hereby certify that this document has been prepared in 14 point, Times New Roman font.

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MATTHEW REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 1:21-cv-3563 |
| ) | |
| BEKO TECHNOLOGIES CORP, ) | The Honorable |
| ) | William M. Ray, II |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on this July 31, 2024, I have filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT NOTWITHSTANING THE VERDICT OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL OR REMITTITUR** with the Clerk of Court using the Court's CM/ECF system, which will automatically send a copy to all attorneys of record.

*/s/ Jeffrey A. Schwartz*
Jeffrey A. Schwartz
Georgia Bar No. 558465